**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| TYISHA L. SKIPPER, | ) Case No.: |
| | ) |
| PLAINTIFF, | ) COMPLAINT |
| | ) |
| v. | ) Civil Action |
| | ) |
| AGNA HOSPITALITY, INC. | ) |
| | ) JURY TRIAL |
| DEFENDANT. | ) DEMANDED |

## COMPLAINT

Plaintiff, TYISHA L. SKIPPER, by and through her attorney, Richard M. Manzella, complains of and alleges a cause of action as follows:

### JURISDICTION

1. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331.

### VENUE

2. Venue is proper in this district because the Defendant is located in this district and Plaintiff is a resident of this district and the acts complained of herein occurred within this judicial district.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff filed a timely charge with the Illinois Department of Human Rights dated June 23, 2006 ("Charge"), and cross-filed the Charge with the Equal Employment Opportunity Commission ("EEOC").

4. Plaintiff's counsel received a Notice of Right to Sue from the EEOC that was dated May 23, 2007, by U.S. Certified Mail on May 28, 2007, attached hereto as Exhibit 1.

## PARTIES

5. Plaintiff, TYISHA L. SKIPPER (hereafter, "MS. SKIPPER"), is a resident of Bloomington, Illinois. At all times mentioned within the complaint, Plaintiff resided in Bloomington, Illinois, County of McLean, Illinois.

6. Defendant, AGNA HOSPITALITY, INC. (hereafter, AGNA) provides cleaning and other services to one or more Day's Inn & Suites hotels including a hotel located at 202 Landmark Drive in Normal, Illinois ("Normal hotel").

## FACTS

7. MS. SKIPPER was first hired by Defendant AGNA on or about May 19, 2006, performing work as a housekeeper at the Normal hotel.

8. MS. SKIPPER was paid three dollars ($3.00) for each room that she cleaned beginning on or about May 19, 2006.

9. Sometime during the week beginning May 29, 2006, MS. SKIPPER was offered a position of Executive Housekeeper, a position that paid $7.50 per hour.

10. MS. SKIPPER accepted the position of Executive Housekeeper upon the offer made by AGNA and began performing these duties immediately thereafter.

11. MS. SKIPPER performed the duties of Executive Housekeeper in a satisfactory manner.

12. On June 12, 2006, AGNA discharged MS. SKIPPER from her position of Executive Housekeeper informing MS. SKIPPER that the position of Executive Housekeeper was no longer needed.

13. Within the next several days, AGNA hired a non-Black Executive Housekeeper.

## JURY TRIAL

14. A jury trial is demanded in the above-entitled action.

## CLAIMS FOR RELIEF

**Race discrimination in violation of Title VII, Civil Rights Act of 1964, as amended.**
Plaintiff incorporates all of the above paragraphs as though set forth at length herein.

15. Plaintiff is a black female and as such is a member of a group protected under Title VII from race-based discrimination.

16. Defendant AGNA HOSPITALITY, INC is an employer as defined in 42 U.S.C. §2000e(b).

17. The actions of AGNA involving the discharge of MS. SKIPPER from the Executive Housekeeper position and Plaintiff's near-immediate replacement with an individual outside of MS. SKIPPER's class was because of Plaintiff's race, black.

18. As a proximate result of the foregoing, Plaintiff has been denied equal employment opportunity and subjected to disparate treatment with respect to the nature of her work, wages, and other terms and conditions of employment on the basis of her race continuously in violation of the Civil Rights Act of 1964, as amended.

19. Because of the unlawful acts of the defendant, Plaintiff has suffered damages in the form of lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff respectfully prays that this court:

1. Issue an order enjoining AGNA to cease and desist from the unlawful employment practices described above.

2. Order employment of Plaintiff in the position that she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to

      race-based discrimination and award Plaintiff front pay in whatever amount is deemed appropriate if reinstatement is determined at trial to be impractical.

3. Award Plaintiff back pay, including overtime pay, pension benefits, and all other employment benefits which would have accrued if Plaintiff had not suffered employment discrimination in an amount sufficient to make Plaintiff whole.

4. Award Plaintiff compensatory damages for her emotional suffering in whatever amount is deemed appropriate to make Plaintiff whole.

5. Award Plaintiff punitive damages in the maximum extent permitted by law.

6. Award Plaintiff attorney fees, including expert witness fees, if any, pursuant to 42 USC 2000e-5(k).

7. Award Plaintiff costs, interest, and such other relief, as this Court may deem proper.

Dated this 22nd day of June, 2007,

s/ Richard M. Manzella
Richard M. Manzella
Attorney # 6257568

Law Office of Richard M. Manzella
117 North Center Street
Bloomington, Illinois  61701
Phone (309) 829-7424
Fax     (815) 366-4800